**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CR-26-45-RAW** |
| | ) | |
| **SCOTTY EDWARD LESTER,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Before the court is the objection of the defendant (#49) to the Report and Recommendation (#46) of the United States Magistrate Judge. The government has responded to the objection (#52). The Magistrate Judge recommended that the defendant's motion to suppress be denied.

Under Rule 59(b)(1) F.R.Cr.P., the district court may refer suppression motions to a Magistrate Judge for a recommended disposition. In considering an objection, the district court must conduct de novo review and "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." Rule 59(b)(3). The undersigned has reviewed the record.

*See Gee v. Estes,* 829 F.2d 1005, 1008-09 (10th Cir.1987); *Griego v. Padilla,* 64 F.3d 580, 584 (10th Cir.1995).[1]

The factual background is set forth in the Findings and Recommendation, and the parties' briefing. It appears that the state of the law in Oklahoma regarding "improper license tag display" has not been the subject of significant additional discussion since *United States v. Arciaga-Bustamante,* 276 Fed.Appx. 716 (10th Cir.2006). At the time of that decision, the statutory subsection allegedly violated was 47 O.S. §1113(A)(2), which stated in pertinent part: "The license plate shall be securely attached to the rear of the vehicle. The license plate, decal and all letters and numbers shall be clearly visible at all times. The operation of a vehicle upon which the license plate is covered, overlaid or otherwise screened with any material, whether such material be clear, translucent, tinted or opaque, shall be a violation of this paragraph."[2]

---

[1]The record does not reflect a filed transcript. The undersigned listened to a recording of the hearing conducted by the Magistrate Judge.

[2]The statutory subsection allegedly violated in the case at bar is 47 O.S. §1113(A)(4), which states in pertinent part: "The license plate shall be securely attached to the rear of the vehicle. The license plate, decal and all letters and numbers shall be clearly visible at all times. The operation of a vehicle *in this state, regardless of where such vehicle is registered,* upon which the license plate is covered, overlaid or otherwise screened with any material, whether such material be clear, translucent, tinted or opaque, shall be a violation of this paragraph." This court has signified by italics statutory language which has been added since the *Arciaga-Bustamante* decision was rendered.

Referring to the district court, the Tenth Circuit stated: "After reviewing the evidence, the court found that the commercial border surrounding the license tag of the vehicle driven by Villa-Lopez was partially covered which obscured the name of the state of issuance of the tag, and that this was a traffic violation." 276 Fed.Appx. at 722. The appellate court gave deference to the district court's factual finding. *Id.* The appellate court further related that the trooper testified "he could not read the state of issuance until he was on the shoulder, almost directly behind the vehicle." *Id.* It went to state that the trooper "believed" he had observed a violation of Oklahoma law, and concluded: "Because the district court found that the rear tag of appellants' vehicle was not clearly visible, we conclude that the initial stop was lawful." *Id.* The appellate court also stated generally: "In the plain words of the statute, a vehicle must have an unobstructed tag on the rear of the vehicle." *Id.* at 720. (footnote omitted).[3]

*Arciaga-Bustamante* is an unpublished decision. Therefore, it may be cited for its persuasive value only and is not binding precedent. 10th

---

[3]Defendant contends "the *Arciaga-Bustamante* court was mistaken; there is no requirement in §1113(A)(4) that a tag be *unobstructed."* (#49 at 6)(emphasis in original). The appellate court, however, went on to say "[a]s noted above, [the statute] contemplates license plates being placed on the rear of the vehicle and requires them to be clearly visible." 276 Fed.Appx. at 722. The present defendant's distinction between "unobstructed" and "clearly visible" was accordingly not acknowledged by the Tenth Circuit.

Cir. R. 32.1(A). This is true even as regards district courts. *See United States v. Story,* 635 F.3d 1241, 1248 (10th Cir.2011). As it happens, *Arciaga-Bustamante* was an appeal from a decision of the undersigned. It might nevertheless be of diminished persuasive value if there was a significant factual variance from the case at bar. This court finds, on the contrary, more similarities than differences. The Report and Recommendation contains photos of the license tags in *Arciaga-Bustamante* (#46 at 7) and in the present case. (#46 at 4).

In *Arciaga-Bustamante* the state name is slightly more covered by the license plate frame than was the state name on defendant's plate. In *Arciaga-Bustamante* the trooper testified he was "unable to determine the state of issuance of the tag on the back of the vehicle" as it passed by. 276 Fed.Appx. at 722. When he initiated the stop, he was unable to read the state of issuance "until he was on the shoulder, almost directly behind the vehicle." *Id.* Here, the trooper testified that even "at that angle and at that speed" he could see the defendant's plate was obstructed. As he began to follow defendant's vehicle, the trooper did not "call in" the state name to the dispatcher because he could not read it. The trooper's interpretation of the statute was that the entirety of the plate must be

visible at all times. Every time this trooper sees an obstructed plate, he stops the driver and usually issues a warning.

The defendant correctly notes that this court can weigh the evidence differently than did the court in *Arciaga-Bustamante (*#49 at 6-7). The evidence seems quite similar, however, and the record does not reflect serious damage to Trooper Pingleton's credibility. The defendant also contends the Magistrate Judge "placed inordinate weight" on the appearance of the tag in *Arciaga-Bustamante (Id.* at 8 n.7). The undersigned disagrees.

The Magistrate Judge additionally stated that "[e]ven if Trooper Pingleton was operating under a mistaken interpretation of this law, however, the undersigned Magistrate Judge finds that his interpretation of the statute is a reasonable one." (#46 at 8). The Magistrate Judge cited *Heien v. North Carolina,* 574 U.S. 54 (2014), which held that reasonable suspicion can also rest on a reasonable mistake of law. Defendant objects on the ground that this argument was not raised by the government. In its response, the government expressly waives reliance. (#52 at 3). To this court, the issue seems part-and-parcel of the analysis in a case of this type, and this court agrees with the Magistrate Judge's

observation. Nevertheless, the court accepts the government's waiver and does not rest its decision on reasonable mistake of law.

In sum, the court agrees with the Magistrate Judge's central conclusion: "The undersigned Magistrate Judge finds [the trooper's] decision to stop Defendant's vehicle was justified at the inception because Defendant's license plate cover partially obscured some of the letters and words on the license plate, meaning that the license plate was not clearly visible under the statute. The undersigned Magistrate Judge finds this was sufficient to justify a traffic stop." (#46 at 7).[4]

It seems likely this decision will be appealed. If so, the Tenth Circuit will have the opportunity to revisit the decision in *Arciaga-Bustamante.* Alternatively, the parties will have the avenue of requesting that the Tenth Circuit certify the question to the Oklahoma Court of Criminal Appeals, pursuant to 20 O.S. §1602.

---

[4]By no means does this court discount the concern expressed in *United States v. Flores,* 798 F.3d 645, 649 (7th Cir.2015): "A suspicion so broad that would permit the police to stop a substantial portion of the lawfully driving public, unless the drivers all removed their plate frames, is not reasonable." The Oklahoma legislature amended some of the statutory language, evidently in response to another aspect of the *Arciaga-Bustamante* decision, but not the language pertinent to the case at bar.

It is the order of the court that the objection of the defendant (#49) to the Report and Recommendation is overruled. The Report and Recommendation (#46), as supplemented herein, is affirmed and adopted as the order of the court. The motion of the defendant to suppress (#31) is hereby denied.

**ORDERED THIS 31st DAY OF AUGUST, 2026.**

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**